FILED
2021 Dec-23  AM 08:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISON

| | |
|---|---|
| **JOE RICE,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **VS.** ) | **CIVIL ACTION NO. CV2021-___** |
| ) | |
| **SHELTON STATE COMMUNITY** ) | |
| **COLLEGE, RODNEY LANDRUM,** ) | **JURY TRIAL DEMANDED** |
| **in his individual and official capacity as** ) | |
| **Shelton State Community College Dean** ) | |
| **of Business Services, BRYAN HELMS,** ) | |
| **in his individual and official capacity as** ) | |
| **Shelton State Community College** ) | |
| **Acting President, and KEVIN DAVIS,** ) | |
| **in his individual and official capacity as** ) | |
| **Shelton State Community College** ) | |
| **Director of Human Resources And** ) | |
| **Senior Personnel Officer,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Joe Rice ("Mr. Rice" or "Plaintiff"), and files

this Complaint against his former employer; Shelton State Community College

("SSCC" or "Defendant"),  Rodney Landrum, who served as the Dean of Business

Services at Shelton State Community College during the period relevant to this

Complaint ("Defendant Landrum"); Bryan Helms, who served as Acting President

during the period relevant to this Complaint ("Defendant Helms"); and Kevin Davis,

who served as Director of Human Resources and Senior Personnel Officer during the period relevant to this Complaint ("Defendant Davis") (the defendants SSCC, LANDRUM, HELMS, and DAVIS are hereinafter collectively referred to as "Defendants"); who deprived Mr. Rice of his rights guaranteed under the laws and Constitution of the United States and the State of Alabama. In support of his Complaint, the Plaintiff states as follows:

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is proper pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"); the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* ("ADEA"); the Alabama Age Discrimination Employment Act, as amended, Ala. Code § 25-1-20, *et seq.* ("AADEA"); 42 U.S.C. §§ 1981, *et seq.* ("§ 1981"); the Students First Act, as amended, Ala. Code §§ 16-24C-1, *et seq.* ("Students First Act"); 42 U.S.C. § 1983; 28 U.S.C. § 1331; 28 U.S.C. § 1343(a); and 28 U.S.C. § 1367.

2.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 because Mr. Rice's state law claims share a common nucleus of operative fact with her federal law claims. This Court has the authority to adjudicate claims as to declaratory judgment as pursuant to 28 U.S.C. § 2201.

3.      The venue of this Court is proper pursuant to 28 U.S.C. § 1391. The entity Defendant is located and/or doing business within this judicial district and division. The individual Defendants reside within this judicial district and division. This action is brought within the judicial district and division wherein the unlawful employment practices were committed.

## PARTIES

4.      Plaintiff, Joe Rice, is a fifty-seven-year-old Caucasian male citizen and resident of the United States and the State of Alabama. Plaintiff was employed by Defendant Shelton State Community College at all times material herein. As such, Plaintiff was an employee of said Defendant within the meaning of Title VII, the ADEA, the AADEA, and the Students First Act.

5.      Upon information and belief, Defendant Shelton State Community College is a public community college organized under the laws of the State of Alabama, does business in the State of Alabama and the Northern District of Alabama, employs at least twenty (20) persons, and otherwise meets the jurisdictional prerequisites of Title VII, the ADEA, the AADEA, and the Students First Act.

6.      Upon information and belief, Defendant Rodney Landrum, is an adult resident of Tuscaloosa County, Alabama, who served as a dean of Defendant SSCC

during all times material herein.  Defendant Landrum is being sued in his individual and official capacity.

7.    Upon information and belief, Defendant Bryan Helms, is an adult resident of Pike County, Alabama, who served as the Acting President of Defendant SSCC during all times material herein. Defendant Helms is being sued in his individual and official capacity.

8.    Upon information and belief, Defendant Kevin Davis, is an adult resident of Tuscaloosa County, Alabama, who served as the Director of Human Resources and Senior Personnel Officer of Defendant SSCC during all times material herein.  Defendant Davis is being sued in his individual and official capacity.

## CONDITIONS PRECEDENT

9.    Plaintiff brings this action for the unlawful practices and acts of discrimination on Plaintiff.

10.    On March 15, 2021, Mr. Rice filed a Charge of Discrimination, Charge No. 420-2021-01387, with the Equal Employment Opportunity Commission ("EEOC") against the Defendants alleging discrimination based on his age and race. This charge was filed within 180 days of the commission of the unlawful practices alleged in this claim. (*See* Charge attached hereto as Exhibit 1).

11.    On April 21, 2021, Defendant SSCC filed a Position Statement in response to Mr. Rice's Charge.

12.    On June 1, 2021, Mr. Rice filed his Response to Defendant SSCC's position statement.

13.    On September 24, 2021, the EEOC issued a Dismissal and Notice of Rights (*see* Notice of Rights attached hereto as Exhibit 2), stating that it would not proceed further with its investigation, but that Mr. Rice would retain his right to sue under Title VII and the ADEA.

14.    This suit is filed within ninety (90) days of receipt of the Notice of Rights from the EEOC, and all other conditions precedent to the institution of this lawsuit have been met.

## STATEMENT OF FACTS

15.    Plaintiff repeats and realleges paragraphs 1-14 of this Complaint as if fully set forth herein.

16.    The Defendants have, through a course and pattern of racial and age discrimination, deprived and/or conspired to deprive, Mr. Rice of his rights guaranteed under the laws and Constitution of the United States and the State of Alabama.

17.    Specifically, the Defendants have wrongfully fired Mr. Rice from his job at Defendant SSCC because of Mr. Rice's age and race.

18.     Mr. Rice is a fifty-seven-year-old Caucasian male.

19.     Defendant Landrum is an African American male over the age of forty (40).

20.     On November 1, 2017, Mr. Rice was employed full-time by Defendant SSCC as a "Cashier" in the Business Services Office.

21.     As Cashier, Mr. Rice assisted students via walk-in, telephone, and email, by receiving payment for tuition, fees, and other costs for the students' educations. (*See* Job Description attached hereto as Exhibit 3).

## The Evaluations of Mr. Rice

22.     Mr. Rice performed his duties competently and diligently throughout his time as a Cashier at Defendant SSCC.

23.     In fact, over the course of nearly three years of employment at Defendant SSCC, Mr. Rice received regular raises and positive annual employee performance reviews. (*See* Annual Employee Performance Reviews, collectively attached hereto as Exhibit 4).

24.     Mr. Rice was responsible for decorating the office for holidays and SSCC Spirit Weeks.

25.     Mr. Rice's decorations helped the Cashier's Office win the SSCC Spirit Stick and retain the Spirit Stick for the remainder of Mr. Rice's time as an employee of SSCC.

26.     In his 2018 Annual Employee Performance Review, signed April 30, 2018, Ms. Burnett indicated that Mr. Rice's Job Requirements and Performance Behaviors:

      A. "Me[t] Requirements" or "Exceed[ed] Requirements" for every factor reviewed except where he "Need[ed] Improvement" due to the short length of his employment at the time.

      B. Ms. Burnett further indicated that Mr. Rice's overall performance "Me[t] Requirements."

27.     In Mr. Rice's 2018 Annual Employee Performance Review, Ms. Burnett also noted that Mr. Rice:

      A. [W]ants to put names with faces with responsibilities in the College;"

      B. Is "[r]eceptive and eager when presented with new tasks;"

      C. "[H]as proven to be a valuable asset to both the Cashier's Office and the College;" and

      D. [S]trives to get better each day."

28.     In his 2019 Annual Employee Performance Review, signed April 16, 2019, Mr. Rice's then-supervisor, Ms. Brandi Burnett, indicated that Mr. Rice's Job Requirements and Performance Behaviors:

      A. "Me[t] Requirements" or "Exceed[ed] Requirements" for almost every factor reviewed.

B. Ms. Burnett further indicated that "his overall performance "Me[t] Requirements."

29.     In the same 2019 Annual Employee Performance Review, Ms. Burnett also noted that Mr. Rice:

A. "[S]trives to be the best employee he can be;"

B. Is "eager to learn new things and adapts to change very well;"

C. "Takes initiative when trying to help students by finding the best solution instead of passing off to someone else;"

D. "[C]onstantly improves as a cashier;" and

E. "[C]ontinues to be an asset to the College."

30.     In Mr. Rice's 2020 Annual Employee Performance Review, signed July 17, 2020, Mr. Rice's then-supervisor, Ms. Michelle Bass, indicated that Mr. Rice's Job Requirements and Performance Behaviors:

A. "Me[t] Requirements" or "Exceed[ed] Requirements" for every factor reviewed.

B. Ms. Bass further indicated that Mr. Rice's overall performance "Me[t] Requirements."

31.     In the same 2020 Annual Employee Performance Review, Ms. Bass also stated that Mr. Rice:

A. "[I]s a great team player and is always willing to participate in activities/functions outside of Business Services;"

B. "[W]orks very well on his own" and "has adapted without a misstep;"

C. Has handled significant changes in the Cashier's Office "with grace;" and

D. Is "never without a joyful spirit."

**The Employment Termination of Mr. Rice**

32.     On September 9, 2020, only fifty-four (54) days after his positive evaluation, Defendant Landrum, in a letter to Defendant Davis, recommended that Mr. Rice be terminated from his position at SSCC. (*See* Defendant Landrum's "Recommendation to Discontinue Employment" Letter attached hereto as Exhibit 5).

33.     Mr. Rice was not provided with any notice by anyone at Defendant SSCC, of any wrongdoing or substandard performance in the six-week period between his very positive annual employee review on July 15, 2020, and Defendant Landrum's Recommendation to Discontinue Employment on September 9, 2020.

34.     Section 802 of Shelton State Community College's Employee Handbook states that SSCC follows progressive employee discipline procedures to provide a structed corrective action process involving coaching and verbal warnings, written warnings and reprimands, suspensions and reassignments, and ultimately

recommendation for termination of employment. (*See* Employee Handbook, page 86-87 attached hereto as Exhibit 6).

35.    Since Mr. Rice's most recent evaluation, Defendant Landrum never expressed his supposed dissatisfaction with Mr. Rice's performance by providing Mr. Rice with any coaching, verbal warnings, written warnings, or reprimands, nor did Defendant Landrum ever suspend Mr. Rice.

36.    Defendant Davis never provided Mr. Rice with any coaching, verbal warnings, written warnings, or reprimands, nor did Defendant Davis ever suspend Mr. Rice before recommending his termination.

37.    On September 16, 2020, Defendant Helms, in a letter to the Chancellor of the Alabama Community College System, requested approval to terminate Mr. Rice's employment. (*See* Acting President Helm's "Request for Approval to Terminate Employment" Letter attached hereto as Exhibit 7).

38.    In his "Request for Approval to Terminate Employment" Letter, Defendant Helms cited Defendant Landrum's and Defendant Davis' recommendations as the basis for his request.

39.    On September 24, 2020, despite already planning to terminate Mr. Rice and contrary to Defendant Landrum's claims that Mr. Rice's performance was substandard, then-Defendant Helms signed a Letter of Appointment to renew Mr.

Rice's employment as a Cashier with a pay increase. (*See* 2020 Letter of Appointment attached hereto as Exhibit 8). Mr. Rice signed the letter that same date.

40.   On September 30, 2020, Defendant SSCC notified Mr. Rice that his employment would be terminated effective October 15, 2020. (*See* Notice of Termination attached hereto as Exhibit 9).

41.   Despite positive and ever improving evaluations, and without providing any warning, Shelton State Community College Terminated Mr. Rice's employment.

### The Early Termination of Mr. Rice's Health Care Benefits

42.   In the Notice of Termination, Defendant Helms stated that Mr. Rice would retain his compensation and employment benefits until October 15, 2020.

43.   One of the benefits Mr. Rice received as an employee of Defendant SSCC was a health insurance plan Defendant SSCC offers through Blue Cross Blue Shield.

44.   As Defendant Helms noted in his Notice of Termination, and pursuant to the Students First Act, Mr. Rice's health care benefits should have continued until October 15, 2020.

45.   However, prior to October 15, 2020, Mr. Rice was informed by his pharmacist that his health care benefits had been terminated on September 30, 2020.

46.     On September 30, 2020, the day Mr. Rice was notified of his pending termination from his position at SSCC, and well before October 15, 2020, Shelton State Community College Deprived Mr. Rice of his Health Care Benefits.

47.     Prior to October 15, 2020, Mr. Rice had to contact Defendant SSCC to have his health care benefits reinstated.

## The Replacement of Mr. Rice

48.     Throughout Mr. Rice's employment at Defendant SSCC, Defendant Landrum discriminated against Mr. Rice because of his race.

49.     When Mr. Rice was first hired, Defendant Landrum told Mr. Rice that Mr. Rice would not be able to attend an annual Shelton State Foundation luncheon, even though Defendant Landrum was paying employees to go, allegedly because Mr. Rice needed to stay behind to run the office as the newest employee.

50.     Unprompted, Defendant Landrum then claimed that his decision had "nothing to do with race."

51.     On August 3, 2020, Defendant SSCC hired Ms. Shavonte Jackson as an additional Cashier in Business Services. Ms. Jackson is a young African American woman, who was twenty-nine-years-old at the time of her hiring.

52.     Mr. Rice was asked to provide Ms. Jackson with training as to the duties of a cashier.

53.     Mr. Rice performed such training from the date of Ms. Jackson's hiring up until the date of his termination.

54.     Mr. Rice's superiors considered Mr. Rice competent enough to train a new hire in the position he held.

55.     On February 1, 2021, Defendant SSCC hired another young African American woman, Ms. Naomi Rhynes, to be a second cashier in Business Services.

56.     Both Ms. Jackson and Ms. Rhynes were under the age of 40 at the time of their hiring. (*See* Shelton State's EEOC Investigation Position Statement attached hereto as Exhibit 10, page 10).

57.     On September 16, 2020, Defendant Helms claimed in a letter to the Chancellor of the Alabama Community College System that Mr. Rice's "termination was for legitimate reasons not related to race or gender."

58.     On September 24, 2020, contrary to Defendant Landrum's claims that Mr. Rice's performance was substandard, Defendant Helms executed a Letter of Appointment for the renewal of Mr. Rice's employment as a Cashier with a pay increase.

59.     On September 30, 2020, Defendant SSCC notified Mr. Rice that his employment would be terminated effective October 15, 2020.

60.     On October 15, 2020, Defendant SSCC wrongfully terminated Mr. Rice from his position as Cashier because of Mr. Rice's age and gender.

61.    Despite Mr. Rice's requests, both Defendant SSCC and Defendant Landrum, refused to tell Mr. Rice why he was terminated. Defendant Landrum stated that he was unable to provide Mr. Rice with further detail.

62.    Mr. Rice did his job well, but an African American Man Replaced Mr. Rice with Two African American Women under the Age of 40, Solely because of Mr. Rice's Race and Age.

63.    The Defendants took property from Mr. Rice without providing him with due process or just compensation.

64.    As Defendant Helms noted in his Notice of Termination letter to Mr. Rice, under a properly executed discharge scheme, Mr. Rice's employment benefits should not have been terminated until October 15, 2020.

65.    However, on September 30, 2020, the day Mr. Rice was notified of his pending termination from his position at SSCC, Mr. Rice was wrongfully deprived of his health care benefits, which benefits were wrongfully terminated on the same date, well before October 15, 2020.

66.    The Defendants failed to follow their own policies and procedures of progressive discipline as outlined in the Employee Handbook.

67.    Throughout the entire period relevant to this Complaint, Defendants have acted under the color of law and have, as state actors, abused their positions, and have further willfully, maliciously, fraudulently, in bad faith, beyond their

authority, and/or under a mistaken interpretation of the law, deprived Mr. Rice of his rights and privileges under the Constitutions, laws, statutes, and regulations of the United States and the State of Alabama.

## COUNT ONE
### VIOLATION OF MR. RICE'S EQUAL PROTECTION RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

68.     Plaintiff repeats and realleges paragraphs 9-67 of this Complaint as if fully set forth herein.

69.     The Defendants, acting under the color of law, deprived Mr. Rice of his rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

70.     "No State shall… deny to any person within its jurisdiction the equal protection of the laws." U.S. Cost. Amend. XIV.

71.     42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

72.     A person has a constitutional right to not be fired because of his or her race, and a state actor's decision to do so can only be "be justified by a compelling

interest and must be narrowly tailored to achieve that interest." *In re Birmingham Reverse Discrimination Employment Litigation*, 20 F.3d 1525, 1544 (11th Cir. 1994).

73.     Furthermore, Defendant SSCC is required to follow its policies, including the policies in its Employee Handbook regarding employee discipline.

74.     The Defendants willfully, maliciously, fraudulently, in bad faith, beyond their authority, under a mistaken interpretation of the law, and/or acting under the color of state law, wrongfully terminated Mr. Rice because of his race and/or age:

A.  Defendant SSCC is a public community college and is thus a state actor.

B.  Defendant SSCC was organized under the laws of the State of Alabama.

C.  Defendant Landrum was a dean of Defendant SSCC during the entire period made subject of this Complaint and was thus a state actor.

D.  Defendant Davis was a director of Defendant SSCC during the entire period made subject of this Complaint and was thus a state actor.

E.  Defendant Helms was Acting President of Defendant SSCC during the entire period made subject of this Complaint and was thus a state actor.

F.  Mr. Rice is a white male over the age of forty, and worked as a Cashier at Defendant SSCC's Business Services department.

G.  Mr. Rice received positive work performance reviews throughout his three-year long employment at Defendant SSCC.

H. Defendants did not follow SSCC's policies on employee discipline as to Mr. Rice.

I. Defendants fired Mr. Rice from his job, refused to provide Mr. Rice with an explanation as to why they fired him, and instead hired two young African American women under the age of forty and who had no experience working as cashiers at Business Services.

J. Defendant Landrum, both individually and/or as an agent, employee, and/or servant of Defendant SSCC, willfully, maliciously, fraudulently, in bad faith, beyond his authority, and/or under a mistaken interpretation of the law, used and abused the powers of his position as a dean of public community college Defendant SSCC, to discriminate against Mr. Rice and fire Mr. Rice from his job because of Mr. Rice's race and age, as described above.

K. Defendant Davis, both individually and/or as an agent, employee, and/or servant of Defendant SSCC, willfully, maliciously, fraudulently, in bad faith, beyond his authority, and/or under a mistaken interpretation of the law, used and abused the powers of his position as a director of public community college Defendant SSCC, to discriminate against Mr. Rice and fire Mr. Rice from his job because of Mr. Rice's race and age, as described above.

L. Defendant Helms, both individually and/or as an agent, employee, and/or servant of Defendant SSCC, willfully, maliciously, fraudulently, in bad faith, beyond his authority, and/or under a mistaken interpretation of the law, used and abused the powers of his position as Acting President of public community college Defendant SSCC, to discriminate against Mr. Rice and fire Mr. Rice from his job because of Mr. Rice's race and age, as described above.

M. Defendants Landrum, Helms, and Davis all individually and/or as an agent, employee, and/or servant of Defendant SSCC, willfully, maliciously, fraudulently, in bad faith, beyond his authority, and/or under a mistaken interpretation of the law, failed to follow SSCC's policies on employee discipline.

75. The Defendants' actions were not narrowly tailored to a compelling government interest.

76. The Defendants' actions deprived Mr. Rice of his property interest in his employment and health care benefits, without due process.

77. As a proximate consequence of the violations of his equal protection rights by the Defendants, Plaintiff has suffered and will continue to suffer damage to his professional life and career opportunities, future pecuniary losses, emotional

pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgments against both of the Defendants, individually and jointly, and seeks compensatory damages, punitive damages, special damages, attorneys' fees, court costs, pre-judgment interest, and all such other relief as the jury and/or this Court may see fit to award.

**COUNT TWO**
**VIOLATION OF MR. RICE'S DUE PROCESS RIGHTS**
**UNDER THE FOURTEENTH AMENDMENT**
**TO THE UNITED STATES CONSTITUTION**

78.    Plaintiff repeats and realleges paragraphs 9-67 of this Complaint as if fully set forth herein.

79.    "No State shall… deprive any person of life, liberty, or property, without due process of law…" U.S. Const. Amend. XIV.

80.    "[C]lassifications based upon sex, like classifications based upon race, alienage, and national origin, are inherently suspect and must therefore be subjected to close judicial scrutiny." *Frontiero v. Richardson*, 411 U.S. 677, 682 (1973).

81.    42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

> secured by the Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity, or other
> proper proceeding for redress…

82.    Furthermore, Defendant SSCC is required to follow its policies, including the policies in its Employee Handbook regarding employee discipline.

83.    The Defendants, acting willfully, maliciously, fraudulently, in bad faith, beyond their authority, under a mistaken interpretation of the law, and/or acting under the color of state law, wrongfully fired Mr. Rice because of his race and/or age.

    A.  Defendant SSCC is a public community college and is thus a state actor.

    B.  Defendant SSCC was organized under the laws of the State of Alabama.

    C.  Defendant Landrum was a dean of Defendant SSCC during the entire period made subject of this Complaint and was thus a state actor.

    D.  Defendant Davis was a director of Defendant SSCC during the entire period made subject of this Complaint and was thus a state actor.

    E.  Defendant Helms was Acting President of Defendant SSCC during the entire period made subject of this Complaint and was thus a state actor.

    F.  Mr. Rice is a white male over the age of forty and worked as a Cashier at Defendant SSCC's Business Services department.

    G.  Mr. Rice received positive work performance reviews throughout his three-year long employment at Defendant SSCC.

H. Yet, Defendants fired Mr. Rice from his job, refused to provide Mr. Rice with an explanation as to why they fired him, and instead hired two young African American women under the age of forty and who had no experience working as cashiers at Business Services.

I. Defendant Landrum, both individually and/or as an agent, employee, and/or servant of Defendant SSCC, willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law, used and abused the powers of his position as a dean of public community college Defendant SSCC, to discriminate against Mr. Rice and fire Mr. Rice from his job because of Mr. Rice's race and age, as described above.

J. Defendant Davis, both individually and/or as an agent, employee, and/or servant of Defendant SSCC, willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law, used and abused the powers of his position as a director of public community college Defendant SSCC, to discriminate against Mr. Rice and fire Mr. Rice from his job because of Mr. Rice's race and age, as described above.

K. Defendant Helms, both individually and/or as an agent, employee, and/or servant of Defendant SSCC, willfully, maliciously, fraudulently,

in bad faith, beyond his authority, and/or under a mistaken interpretation of the law, used and abused the powers of his position as Acting President of public community college Defendant SSCC, to discriminate against Mr. Rice and fire Mr. Rice from his job because of Mr. Rice's race and age, as described above.

L. Defendants Landrum, Helms, and Davis all individually and/or as an agent, employee, and/or servant of Defendant SSCC, willfully, maliciously, fraudulently, in bad faith, beyond his authority, and/or under a mistaken interpretation of the law, failed to follow SSCC's policies on employee discipline.

M. Defendants willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law, stopped Mr. Rice's healthcare benefits prior to his date of termination.

84. The Defendants have discriminated against Mr. Rice, throughout his time as an employee of Defendant SSCC, because of Mr. Rice's race.

85. The Defendants failed to properly institute their progressive discipline policy, thereby subjecting Mr. Rice to a deprivation of his property rights in his employment.

86.     The Defendants failed to properly institute their progressive discipline policy, thereby subjecting Mr. Rice to a deprivation of his property rights in his health care benefits.

87.     The Defendants' actions were not narrowly tailored to a compelling government interest, not substantially related to an important government interest, and not rationally related to a legitimate government interest.

88.     The Defendants' actions deprived Mr. Rice of his property interest in his employment and health care benefits, without due process.

89.     The Defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law in their acts and omissions towards Mr. Rice.

90.     As a proximate consequence of the violations of his due process rights by the Defendants, Plaintiff has suffered and will continue to suffer damage to his professional life and career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgments against both of the Defendants, individually and jointly, and seeks compensatory damages, punitive damages, special damages, attorneys' fees, court costs, pre-

judgment interest, and all such other relief as the jury and/or this Court may see fit to award.

## COUNT THREE
### VIOLATION OF MR. RICE'S RIGHTS
### UNDER TITLE VII OF THE CIVIL RIGHTS ACT

91.     Plaintiff repeats and realleges paragraphs 9-67 of this Complaint as if fully set forth herein.

92.     Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1).

93.     In taking the above-described actions, Defendant SSCC violated Title VII by terminating Plaintiff's employment due to his race.

94.     The unlawful employment practices described above were intentional.

95.     The unlawful employment practices described above were done with malice and/or reckless indifference to Mr. Rice's federally protected rights.

96.     As a proximate consequence of the violations of Title VII by the Defendants, Mr. Rice has suffered, and will continue to suffer, damage to his professional life and career opportunities, future pecuniary losses, emotional pain,

inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

97.    Mr. Rice has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgments against both of the Defendants, individually and jointly, and seeks compensatory damages, punitive damages, special damages, attorneys' fees, court costs, pre-judgment interest, and all such other relief as the jury and/or this Court may see fit to award.

<u>COUNT FOUR</u>
**VIOLATION OF MR. RICE'S RIGHTS UNDER THE ADEA**

98.    Plaintiff repeats and realleges paragraphs 9-67 of this Complaint as if fully set forth herein.

99.    The ADEA states that "It shall be unlawful for an employer--(1) to fail or refuse to hire or to *discharge* any individual or *otherwise discriminate* against any individual with respect to his *compensation, terms, conditions, or privileges of employment*, *because of such individual's age*." 29 U.S.C. § 623 (emphasis added).

100.    In taking the above-described actions, Defendant SSCC violated the ADEA by terminating Mr. Rice's employment due to his age.

101.   In taking the above-described actions, Defendant SSCC violated the ADEA by wrongfully depriving Mr. Rice of the privilege of the health benefits provided by his employment.

102.   The unlawful employment practices described above were intentional.

103.   The unlawful employment practices described above were done with malice or reckless indifference to the federally protected rights of Mr. Rice.

104.   As a proximate consequence of the violations of the ADEA by the Defendants, Mr. Rice has suffered and will continue to suffer damage to his professional life and career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

105.   Mr. Rice has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgments against both of the Defendants, individually and jointly, and seeks compensatory damages, punitive damages, special damages, attorneys' fees, court costs, pre-judgment interest, and all such other relief as the jury and/or this Court may see fit to award.

**<u>COUNT FIVE</u>**
**VIOLATION OF MR. RICE'S DUE PROCESS RIGHTS**
**UNDER THE ALABAMA STATE CONSTITUTION**

106.   Plaintiff repeats and realleges paragraphs 9-67 of this Complaint as if fully set forth herein.

107.   The Constitution of the State of Alabama guarantees that no person shall "be deprived of life, liberty, or property, except by due process of law." Ala. Const. of 1901, art. I, § 6 (1901).

108.   The Constitution of Alabama further guarantees "[t]hat all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law." Ala. Const. of 1901, art. I, § 13 (1901).

109.   Furthermore, Defendant SSCC is required to follow its policies, including the policies in its Employee Handbook regarding employee discipline.

110.   According to Alabama state law, State agents are not immune to civil liability in their personal capacities if they act "have willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under mistaken interpretation of the law." *Ex parte Kennedy*, 992 So. 2d 1276, 1281 (Ala. 2008) (citing *Ex parte Cranman*, 792 So.2d 392, 405).

111.   The Defendants willfully, maliciously, fraudulently, in bad faith, and/or beyond their authority, wrongfully terminated Mr. Rice because of his race and/or age:

A. Mr. Rice is a white male over the age of forty, and worked as a Cashier at Defendant SSCC's Business Services department.

B. Mr. Rice received positive work performance reviews throughout his three-year long employment at Defendant SSCC.

C. Defendants fired Mr. Rice from his job, refused to provide Mr. Rice with an explanation as to why they fired him, and instead hired two young African American women under the age of forty and who had no experience working as cashiers at Business Services.

D. Defendant SSCC did not follow SSCC's policies on employee discipline as to Mr. Rice.

E. Defendants Landrum and Davis, willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law, failed to follow SSCC's policies on employee discipline and discriminated against Mr. Rice and fired Mr. Rice.

F. Defendants willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law, stopped Mr. Rice's healthcare benefits prior to his date of termination.

112. Mr. Rice has a property right in his employment and in his health care benefits, and he cannot be deprived of such rights without due process of law.

113.   Mr. Rice's health care benefits were terminated on or before September 30, 2020, prior to Mr. Rice's termination on October 15, 2020.

114.   The Defendants willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law, unlawfully deprived Mr. Rice of his property rights in his employment and in health care benefits.

115.   The Defendants have willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law, discriminated against Mr. Rice, throughout his time as an employee of Defendant SSCC, because of Mr. Rice's age and race.

116.   Defendants have willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under mistaken interpretation of the law, engaged in the unlawful violation of Mr. Rice's due process rights.

117.   As a proximate consequence of the violations of his due process rights by the Defendants, Mr. Rice has suffered and will continue to suffer damage to his professional life and career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgments against the Defendants, individually and jointly, and seeks compensatory damages,

punitive damages, special damages, attorneys' fees, court costs, pre-judgment

interest, and all such other relief as the jury and/or this Court may see fit to award.

## COUNT SIX
### VIOLATION OF MR. RICE'S RIGHTS UNDER ARTICLE I, SECTION 23 OF THE ALABAMA STATE CONSTITUTION

118.   Plaintiff repeats and realleges paragraphs 9-67 of this Complaint as if

fully set forth herein.

119.   The Constitution of the State of Alabama guarantees that the state

government may not take private property unless just compensation is provided to

the individual said property is taken from. Ala. Const. of 1901, art. I, § 23 (1901)

("[P]rivate property shall not be taken for, or applied to public use, unless just

compensation be first made therefor").

120.   Furthermore, Defendant SSCC is required to follow its policies,

including the policies in its Employee Handbook regarding employee discipline.

121.   The Defendants willfully, maliciously, fraudulently, in bad faith,

beyond their authority, and/or under a mistaken interpretation of the law, deprived

Mr. Rice of the property rights in his employment and wrongfully terminated him due to his race and age:

    A. Mr. Rice is a white male over the age of forty, and worked as a Cashier at Defendant SSCC's Business Services department.

    B. Mr. Rice received positive work performance reviews throughout his three-year long employment at Defendant SSCC.

    C. Defendants fired Mr. Rice from his job, refused to provide Mr. Rice with an explanation as to why they fired him, and instead hired two young African American women under the age of forty and who had no experience working as cashiers at Business Services.

    D. Defendant SSCC did not follow SSCC's policies on employee discipline as to Mr. Rice.

    E. Defendants Landrum and Davis, willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law, failed to follow SSCC's policies on employee discipline and discriminated against Mr. Rice and fired Mr. Rice.

122. The Defendants willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law, deprived Mr. Rice of the property rights in his health care benefits by wrongfully stopping said benefits 15 days prior to Mr. Rice's termination.

123.   The Defendants have not provided Mr. Rice with just, or any, compensation for the taking of the above property.

124.   According to Alabama state law, State agents are not immune to civil liability in their personal capacities if they act "have willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under mistaken interpretation of the law." *Ex parte Kennedy*, 992 So. 2d at 1281.

125.   The Defendants have willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under mistaken interpretation of the law, engaged in the unlawful violation of Mr. Rice's rights under Article I, Section 23 of the Alabama State Constitution.

126.   As a proximate consequence of the violations of his constitutional rights by the Defendants, Mr. Rice has suffered and will continue to suffer damage to his professional life and career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgments against both of the Defendants, individually and jointly, and seeks compensatory damages, punitive damages, special damages, attorneys' fees, court costs, pre-judgment interest, and all such other relief as the jury and/or this Court may see fit to award.

**COUNT SEVEN**
## VIOLATION OF MR. RICE'S DUE PROCESS RIGHTS UNDER THE STUDENTS FIRST ACT

127.   Plaintiff repeats and realleges paragraphs 9-67 of this Complaint as if fully set forth herein.

128.   The Students First Act mandates that "the compensation and benefits of a probationary classified employee" shall not be terminated before the notice of termination is issued to the employee." *See* Ala. Code § 16-24C-5(b).

129.   Mr. Rice worked as a full-time employee more than twenty (20) hours per week as a Cashier, and was a "classified employee" under the Students First Act.

130.   The Students First Act entitles classified employees to fundamental fairness and due process in relation to their employment and the terms thereof. *See* Ala. Code § 16-24C-2.

131.   The Defendants willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law, stopped Mr. Rice's health care benefits on or before September 30, 2020, in violation of the Students First Act.

132.   The Defendants willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law deprived Mr. Rice of his property rights in his employment and health care benefits in violation of the Students First Act.

133.   The Defendants willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law failed to follow SSCC's policies on employee discipline.

134.   The Defendants have willfully, maliciously, fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law, discriminated against Mr. Rice throughout his time as an employee of Defendant SSCC, because of Mr. Rice's age and/or race, in violation of the Students First Act.

135.   According to Alabama state law, State agents are not immune to civil liability in their personal capacities if they act "have willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under mistaken interpretation of the law." *Ex parte Kennedy*, 992 So. 2d at 1281.

136.   The Defendants have willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under mistaken interpretation of the law, engaged in the unlawful violation of Mr. Rice's due process rights under the Students First Act.

137.   As a proximate consequence of the violations of his due process rights by the Defendants, Mr. Rice has suffered and will continue to suffer damage to his professional life and career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgments against both of the Defendants, individually and jointly, and seeks compensatory damages, punitive damages, special damages, attorneys' fees, court costs, pre-judgment interest, and all such other relief as the jury and/or this Court may see fit to award.

**COUNT EIGHT**
**VIOLATION OF MR. RICE'S RIGHTS UNDER THE AADEA**

138.   Plaintiff repeats and realleges paragraphs 9-67 of this Complaint as if fully set forth herein.

139.   The AADEA states that "It is an unlawful employment practice for an employer to do any of the following: (1) Fail or refuse to hire or *discharge* an individual, or *otherwise discriminate* against an individual with respect to *compensation, terms, or privileges of employment, because of the age of the individual*." Ala. Code § 25-1-22.

140.   Mr. Rice is a white male over the age of forty, who worked as a Cashier at Defendant SSCC's Business Services department.

141.   The Defendants willfully, maliciously, fraudulently, in bad faith, and/or beyond their authority, wrongfully terminated Mr. Rice because of his age, and replaced him with two African American females under the age of forty and who had no experience working as cashiers at Business Services.

142.   The Defendants willfully, maliciously, fraudulently, in bad faith, and/or beyond their authority, stopped Mr. Rice's health care benefits prior to his termination.

143.   The Defendants willfully, maliciously, fraudulently, in bad faith, and/or beyond their authority, failed to follow SSCC's policies on employee discipline as to Mr. Rice.

144.   In taking the above-described actions, Defendants violated the AADEA by terminating Plaintiff's employment due to his age.

145.   In taking the above-described actions, Defendants violated the AADEA by wrongfully depriving Plaintiff of the privilege of the health benefits provided by his employment.

146.   According to Alabama state law, State agents are not immune to civil liability in their personal capacities if they act "have willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under mistaken interpretation of the law." *Ex parte Kennedy*, 992 So. 2d at 1281.

147.   The Defendants have willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under mistaken interpretation of the law, engaged in the unlawful violation of Mr. Rice's rights under the AADEA.

148.   As a proximate consequence of the violations of the AADEA by the Defendants, Mr. Rice has suffered and will continue to suffer damage to his

professional life and career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

149.   Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgments against both of the Defendants, individually and jointly, and seeks compensatory damages, punitive damages, special damages, attorneys' fees, court costs, pre-judgment interest, and all such other relief as the jury and/or this Court may see fit to award.

<u>**COUNT NINE**</u>
**DECLARATORY RELIEF**

150.   Plaintiff repeats and realleges paragraphs 9-67 of this Complaint as if fully set forth herein.

151.   This Court may make Declarations that declare the rights and legal relations of parties seeking the Declaration and that have the force and effect of a final judgment. 28 U.S.C. § 2201(a).

152.   Plaintiff seeks a Declaration under the Declaratory Judgment Act, that he, in his position as a Cashier for SSCC, met the definitions to be considered a "classified employee" under Alabama's Students First Act and thus was entitled to the rights and benefits afforded to classified employees under the Students First Act.

153.   Plaintiff further seeks a Declaration that the Defendants are required to follow the law as stated by the Students First Act and that these Defendants are thus required to provide Plaintiff with due process of law prior to depriving them of their property interests in their employment.

154.   Plaintiff further seeks a Declaration that the Defendants, as a public community college in the State of Alabama, meet the definition to be considered an "employer" under the Students First Act, are thus required to follow the law as stated by Students First Act and that these Defendants, and are thus required to wait fifteen (15) calendar days after issuing a classified employee a notice of termination before terminating said classified employee's compensation and benefits.

155.   Plaintiff further seeks a Declaration that the Defendants have willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, improperly terminated Mr. Rice's health care benefits under the Students First Act.

## **PRAYER FOR RELIEF**

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff respectfully prays this Court sets this matter for trial by jury and, upon trial of this case, that Plaintiff be granted the following relief:

A.     That this Honorable Court enter Judgment against the Defendants in favor of the Plaintiff;

B.     That this Honorable Court award Plaintiff actual, consequential, and incidental damages, as permitted by law, incurred by Plaintiff as a result of the unlawful conduct by the Defendants in an amount to be determined by a jury;

C.     That this Honorable Court award Plaintiff court costs of this action and pre-judgment interest;

D.     That this Honorable Court award Plaintiff attorney's fees to the Plaintiff to pay the reasonable attorney's fees incurred by Plaintiff in association with this case; and

E.     Such other relief as the jury or Court shall deem just and equitable.

## <u>JURY DEMAND</u>

**MR. RICE DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

Respectfully submitted this the 22ⁿᵈ day of December, 2021.

                                */s/ Bryan P. Winter*
                               Bryan P. Winter (ASB-3369-I63B)
                               bwinter@winmclaw.com
                               *Counsel for Plaintiff*

                                */s/ Ruth B. McFarland*
                               Ruth B. McFarland (ASB-7051-E58R)
                               ruth@winmclaw.com
                               *Counsel for Plaintiff*

OF COUNSEL:
**WINTER McFARLAND LLC**
205 McFarland Circle North
Tuscaloosa, Alabama 35406
Phone: (205) 650-1400
Facsimile: (205) 650-1401

     **I hereby request that the Northern District of Alabama Western Division Clerk issue a summons and a copy of this Complaint to Plaintiff for service on the Defendants via private process server pursuant to Fed. R. Civ. P 4(e) and Ala. R. Civ. P. 4(i)(B):**

Shelton State Community College
c/o President Brad Newman
9500 Old Greensboro Road
Tuscaloosa, Alabama 35405

     With a Courtesy Copy to:
     Tracy R. Davis
     **HAND ARENDALL HARRISON SALE LLC**
     1801 5th Avenue North, Suite 400
     Birmingham, AL 35203
     tdavis@handfirm.com
     *Attorney for the Defendant Shelton State Community College*

Rodney Landrum
9019 Tiffany Way
Tuscaloosa, AL 35405

Bryan Helms
The Alabama Community College System
135 South Union Street
Montgomery, AL 36104-4340

Kevin Davis
Martin Campus
Office 3609
9500 Old Greensboro Rd
Tuscaloosa, AL 35405