FILED

2022 Oct-24  PM 05:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

JOE RICE,                          )
                                   )
    Plaintiff,                 )
                                   )
v.                                 )          Case No. 7:21-cv-1694-GMB
                                   )
SHELTON STATE COMMUNITY            )
COLLEGE, *et al.*,                 )
                                   )
    Defendants.                )

## **ORDER**

Before the court is Plaintiff's Motion for Leave to Amend Complaint with an attached Proposed Third Amended Complaint. Doc. 40.   Defendants filed an opposition to the motion (Doc. 41) and Plaintiff filed a reply in support. Doc. 43. The briefing focuses on Federal Rule of Civil Procedure 15 while ignoring Rule 16.

Rule 15(a)(2) directs the court to "freely give leave when justice so requires." This liberal standard encourages the courts to decide claims on their merits.  For this reason, district courts should grant leave to amend when "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "In deciding whether to grant a party leave to amend a pleading, a district court may consider several factors, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, [and] futility of amendment.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc*., 556 F.3d 1232, 1241 (11th Cir. 2009) (alteration in original) (quoting *Foman*, 371 U.S. at 182).

After a scheduling order has been entered, however, the analysis changes. Rule 16(b) states that "[a] schedule may be modified only for good cause and with the judge's consent." To demonstrate good cause, the movant must establish that a deadline could not be met despite the movant's diligence. *Sosa v. Airport Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *see also Jackson v. UPS*, 593 F. App'x 871, 875 (11th Cir. 2014) ("But, in civil cases, a district court must issue a scheduling order in which it limits the time to amend the pleadings, Fed. R. Civ. P. 16(b)(3)(A), and once a scheduling order is entered, a party must demonstrate good cause for seeking leave to amend its complaint after the deadline.") (citing *S. Grouts & Mortars, Inc. v. 3M Co*., 575 F.3d 1235, 1241 (11th Cir. 2009)). "Once good cause is shown under Rule 16, the court determines whether leave should be granted under Rule 15(a)." *Sullivan v. Gov't Emps. Ins. Co*., 2018 WL 6267352, at *3 (M.D. Fla. Nov. 30, 2018) (quotation marks and citation omitted).

Neither party has addressed the Rule 16 standard in the initial round of briefing. Accordingly, Plaintiff is ORDERED to supplement his motion for leave to amend his complaint on or before **October 31, 2022**. Any response by Defendants may be filed by **November 7, 2022**.

DONE and ORDERED on October 24, 2022.

_____

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE